IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

**UNITED STATES OF AMERICA,**

        Plaintiff,

v.                                                         Civil Action No. 5:12-CV-19
                                                          (BAILEY)

**RG STEEL WHEELING, LLC, et al.,**

        Defendants.

### ORDER GRANTING DEFENDANT SNA CARBON, LLC'S
### MOTION FOR JUDGMENT ON THE PLEADINGS

Pending before the Court is defendant SNA Carbon, LLC's Motion for Judgment on the Pleadings [Doc. 28], filed July 23, 2012.  The United States responded on August 6, 2012 [Doc. 32], and SNA Carbon, LLC, replied on August 16, 2012 [Doc. 33].  Having reviewed the record and considered the arguments of the parties, this Court concludes that SNA Carbon, LLC's motion should be **GRANTED**.

### BACKGROUND

On February 6, 2012, the United States, on behalf of the Environmental Protection Agency, and the State of West Virginia, on behalf of the West Virginia Department of Environmental Protection filed the instant action against Mountain State Carbon, LLC ("Mountain State Carbon"), and its two members, SNA Carbon, LLC ("SNA Carbon"), and RG Steel Wheeling, LLC ("RG Steel").  The State of West Virginia subsequently voluntarily dismissed its claims without prejudice [Doc. 8].

In the Complaint [Doc. 1], the United States alleges that the defendants violated the Clean Air Act, 42 U.S.C. § 7401, *et seq.*, by emitting excessive particulate matter from its

1

furnaces and coke ovens, and excessive sulfur dioxide through the combustion of high sulfur coke oven gas. The United States also alleges that the defendants violated the Solid Waste Disposal Act, also known as the Resource Conservation and Recovery Act, 42 U.S.C. § 6901, *et seq.*, by failing to handle and manage three streams of hazardous waste– coke oven gas condensate, "muck oil," and solid wastes collected in roll-off trailers– in accordance with the Ohio and West Virginia hazardous waste regulations approved by the Environmental Protection Agency. The United States seeks injunctive relief to prevent future violations and the assessment of civil penalties for past and continuing violations of the Clean Air Act and the Resource Conservation and Recovery Act.

On July 23, 2012, the defendants filed an Answer [Doc. 30] to the Complaint. The same day, SNA Carbon filed the instant Motion for Judgment on the Pleadings [Doc. 28]. In support of its request to be dismissed from this action, SNA Carbon contends that the United States improperly seeks to hold it liable based solely on the fact that it is a part-owner of Mountain State Carbon, which owns one of the coke plants accused of committing some of the environmental violations at issue. Instead, SNA Carbon argues, any such liability must be based upon a piercing of the veil between it and Mountain State Carbon. In response, the United States clarifies that it seeks to hold SNA Carbon liable not as a part-owner of Mountain State Carbon, but rather based upon its status as a joint-venturer with RG Steel in the ownership of Mount State Carbon [Doc. 32]. In reply, SNA Carbon concedes that joint venturers remain liable to one another after their joint venture forms a limited liability company, while maintaining that such formation shields those joint venturers from third-party liability [Doc. 33].

## DISCUSSION

### I.     Applicable Standard

Motions premised upon any of the enumerated defenses set forth in Federal Rule of Civil Procedure 12(b) "shall be made before pleading . . .." Fed. R. Civ. P. 12(b).  By contrast, a party may move for judgment on the pleadings only "[a]fter the pleadings are closed." Fed. R. Civ. P. 12(c).  Here, the pleadings were closed upon the defendants' filing of their Answer.  As such, SNA Carbon's motion is properly construed as one for judgment on the pleadings.  The standard to be applied is the same as for a Rule 12(b)(6) motion to dismiss.  See **Pisciotta v. Old Nat. Bancorp**, 499 F.3d 629, 633 (7th Cir. 2007); **Plain v. AT&T Corp.**, 424 F.Supp.2d 11, 20 n. 11 (D.D.C. 2006); **Sprint Telephony PCS, L.P. v. County of San Diego**, 311 F.Supp.2d 898 (S.D. Cal 2004).

As an initial matter, the court must accept the factual allegations contained in the Complaint as true.  **Advanced Health-Care Servs., Inc. v. Radford Cmty. Hosp.**, 910 F.2d 139, 143 (4th Cir. 1990).  Taken in this light, a complaint must be dismissed only if it does not allege "enough facts to state a claim to relief that is *plausible* on its face."  **Bell Atl. Corp. v. Twombly**, 550 U.S. 544, 570 (2007) (emphasis added).

"A complaint need only give 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" **In re Mills**, 287 Fed.Appx. 273, 280 (4th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2)).  "Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests."  *Id.* (internal quotations and citations omitted).  "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an

unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancements." **Ashcroft v. Iqbal**, 556 U.S. 662, 678 (2009) (internal citations and quotations omitted).

## II.   Analysis

In opposing the instant motion, the United States argues that it has stated a plausible claim against SNA Carbon based upon the entity's status as a joint venturer with RG Steel in the ownership of Mountain State Carbon. This Court disagrees.

As an initial matter, this Court observes that the parties do not dispute the following: (1) SNA Carbon and RG Steel formed a joint venture to form and own Mountain State Carbon; (2) SNA Carbon and RG Steel formed Mountain State Carbon as a limited liability company under the laws of the State of Delaware to carry out their joint venture; (3) the United States has not alleged that the veil between SNA Carbon and Mountain State Carbon should be pierced; and (4) the joint venture of SNA Carbon and RG Steel survived the organization of Mountain State Carbon to the extent that it requires they be treated as joint-venturers vis-à-vis one another. Instead, the sole issue in dispute is whether the pre-organization joint venture requires that SNA Carbon be held liable to third parties. For the reasons that follow, this Court concludes that the organization of the limited liability company precludes the third-party liability sought in this case.

It remains unclear whether a court should apply federal common law or look to state law when presented with a business organizations issue in the context of enforcing federal

environment laws.  *See* **United States v. Bestfoods**, 524 U.S. 51, 63 n.9 (1998) ("There is significant disagreement among courts and commentators over whether, in enforcing [Comprehensive Environmental Response, Compensation, and Liability Act] indirect liability, courts should borrow state law, or instead apply a federal common law of veil piercing.").  However, deciding between federal and state law here would be merely an academic exercise since the two laws generally agree.  *See* **Mayes v. Moore**, 419 F.Supp.2d 775, 782 n. 5 ("No reason supports deciding definitively whether federal or state law governs the veil-piercing claim when no conflict exists between the federal and state law.").

As a matter of federal common law, "[a] joint venture and a corporation are mutually exclusive ways of doing business" and even "[t]hough business associates may be treated as partners vis-à-vis one another even when they operate through a corporation, the corporate form is to be respected in dealings with third parties."  **ITEL Containers Int'l Corp. v. Atlanttrafik Express Serv., Ltd.**, 909 F.2d 698, 702 (2d Cir. 1990).  This holding easily translates to limited liability companies, which the Fourth Circuit has recognized provide even more protection for their owners than corporations.  *See* **Robinson v. Glynn**, 349 F.3d 166, 174 (4th Cir. 2003) (recognizing that "LLC members are able to actively participate in management without piercing the veil of their liability").  The law of Delaware[1] appears to be consistent with these principles.  First, the Delaware Limited Liability Company Act provides that, unless agreed otherwise, "no member or manager of a limited

---

[1] Pursuant to West Virginia's Uniform Limited Liability Company Act, "[t]he laws of the state or other jurisdiction under which a foreign limited liability company is organized govern . . . the liability of its managers, members, and their transferees."  W.Va. Code § 31B-10-1001(a).

liability company shall be obligated personally for any . . . liability of the limited liability company solely by reason of being a member or acting as a manager of the limited liability company." 6 Del. Code § 18-303. Second, the only exceptions to this general rule in Delaware common law are the alter ego or veil piercing theories established in most jurisdictions. See **EBG Holdings, LLC v. Vredezicht's Gravenhage 109 B.V.**, 2008 WL 4057745, *4 (Del. Ch. Sept. 2, 2008).

Based upon this authority, this Court finds that the pre-organization joint venture does *not* require that SNA Carbon be held liable to third parties for the environmental violations allegedly committed at a coke facility owned by Mountain State Carbon. Instead, the separateness of a limited liability company from its members must be respected in dealings with third parties, despite the existence of a pre-organization joint venture. The United States does not allege a reason for this Court to disregard the company form in this case. As such, this Court is compelled to conclude that the United States has failed to state a plausible claim against SNA Carbon based upon the company's status as a joint venturer with RG Steel in the ownership of Mountain State Carbon. Accordingly, SNA Carbon's motion to dismiss should be **GRANTED**.

## CONCLUSION

For the foregoing reasons, this Court concludes that defendant SNA Carbon's Motion for Judgment on the Pleadings **[Doc. 28]** should be, and hereby is, **GRANTED**. Accordingly, defendant SNA Carbon is hereby **DISMISSED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED:** August 23, 2012.

<em>[signature]</em><br>
JOHN PRESTON BAILEY<br>
UNITED STATES DISTRICT JUDGE